BEFORE THE FIRST DIVISION, MAY 18, 1949

**No. 53156.**—Wm. F. Dunn, Jr., Sole Proprietor of Koons, Wilson and Company
v. United States, petition 6643-R (Philadelphia).

Opinion by OLIVER, C. J.   From the evidence it appeared that neither the
importer nor the entrant had knowledge of any higher price at the time of entry,
which was made on the basis of information in their possession at that time.   On
the record presented it was held that entry of the merchandise at a less value
than that found on final appraisement was without any intention to conceal or
misrepresent the facts or defraud the revenue of the United States or to deceive
the appraiser as to the value of the merchandise.   The petition was therefore
granted.

BEFORE THE SECOND DIVISION, MAY 19, 1949

**No. 53157.**—Fung Chong Co. et al. v. United States, protests 23629-K, etc.
(San Francisco).

Opinion by RAO, J.   The protests were dismissed.

BEFORE THE THIRD DIVISION, MAY 19, 1949

**No. 53158.**—Geo. S. Bush & Co., Inc., et al. v. United States, protests 532571-G,
etc.   (Portland, Oreg.).

Opinion by CLINE, J.   In accordance with stipulation of counsel and following
the authorities cited, the merchandise was held dutiable as follows: (1) Birds'
nests the same in all material respects as those involved in Quong Lee & Co. v.
United States (20 C. C. P. A. 192, T. D. 45981) at 10 percent under paragraph 1558
as nonenumerated unmanufactured articles; (2) ducks in oil in tins similar to the
merchandise passed upon in Wa Chong Co. v. United States (61 Treas. Dec. 1118,
T. D. 45695) at 10 cents per pound under paragraph 712, upon the basis of a
weight excluding that of the oil, the weight of oil in this instance being 196 pounds;
and (3) rice the same as that involved in United States v. Kwong Lee Chong Co.
(23 C. C. P. A. 327, T. D. 48193) at five-eighths of 1 cent per pound under paragraph
727, upon the broken rice contained therein, the quantity of said broken rice being
3 percent of the total weight.   The protests were sustained to this extent.